IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1372-B-BN |
| | § | |
| UNKNOWN SALES | § | |
| REPRESENTATIVE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The undersigned issues the following findings, conclusions, and recommendation.

**Background**

This is a *pro se* civil action brought by Patrick Edward Brown, a Texas resident, alleging that the owner and a sales representative of Gary's Used Cars in Dallas, Texas, conspired to alter his vehicle's registration and title and that this action led to his conviction for "unauthorize[d] possession of a key." *See* Dkt. No. 3.

On April 2, 2013, Plaintiff tendered a civil complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. No. 7. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma*

*pauperis* and allowed the complaint to be filed. *See* Dkt. No. 9. Written interrogatories then were sent to Plaintiff in order to obtain additional information about the factual basis of his suit. *See* Dkt. No. 8. Plaintiff answered the interrogatories on May 7, 2013. *See* Dkt. No. 10.

Plaintiff generally alleges that he purchased a car with his former fiancé, Shontá Trinette Dunn, on or about February 15, 2012 with a down payment of $2,380. *See* Dkt. No. 3 at 1; Dkt. No. 10 at Question 1. Three days later, Plaintiff got into a heated argument with Dunn and left with the key in order to "calm down and to insure that Shontá did not leave in the vehicle." Dkt. No. 3 at 2. Dunn called the police and Plaintiff was arrested for "unauthorize[d] possession of a motor vehicle key." *Id.*; *see also* Dkt. No. 10 at Question 1. During the course of his arrest, the officers injured Plaintiff's left shoulder. *Id.* Plaintiff later pled guilty to a misdemeanor offense. *See* Dkt. No. 10 at Questions 8-9.

Plaintiff seeks to hold the sales agent and owner of Gary's Used Cars responsible for fraudulently altering the sales and state registration documents to remove Plaintiff's name and make it appear that he had no right to possess the vehicle, conduct which caused his arrest, shoulder injury, unjust conviction, poor credit, and the dissolution of his relationship with Dunn. *See* Dkt. No. 10 at Questions 1 & 5-6.

Plaintiff requests the Court enforce an arbitration agreement, seeks monetary damages, and urges the vacatur and expungement of this conviction from his criminal record. *See id.* at Question 2; *see also* Dkt. No. 3 at 4-5.

The undersigned now concludes that this case should be summarily dismissed

for lack of subject matter jurisdiction, and Plaintiff's motion to enforce the arbitration agreement [Dkt. No. 4] should be denied.

## Legal Standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995).

## Analysis

Plaintiff has failed to state a cognizable claim arising under federal law that would support jurisdiction under 28 U.S.C. § 1331. In his complaint and interrogatory answers, Plaintiff attempts to sue the sales representative for "conspiracy to commit fraud" and "tampering with government documents" by removing his name from the vehicle title records without his consent, and he seeks to sue the owner of the dealership for engaging in a "cover up" of the wrongdoing. *See* Dkt. No. 10 at Questions 3-6. However, such claims do not arise under the Constitution, laws, or treaties of the

United States. There is no constitutional right to have someone criminally prosecuted, *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes, *see Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); *see also Williams v. Cintas Corp.*, No. 3:07-cv-561-M, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007) ("federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action."), *rec. adopted,* 2007 WL 1300780 (N.D. Tex. May 2, 2007).

Similarly, the Federal Arbitration Agreement ("FAA"), 9 U.S.C. § 1, *et. seq.*, does not provide federal question jurisdiction over Plaintiff's claims. Petitions to compel arbitration may be brought before "any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties[.]" 9 U.S.C. § 4. It is well-settled that the FAA itself bestows no federal question jurisdiction but rather requires an "independent jurisdictional basis" over the parties' dispute. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Plaintiff has alleged no such jurisdictional basis. *See* Dkt. No. 10 at Question No. 7.

Nor is there any basis for federal diversity jurisdiction. It appears from the face of the complaint and interrogatory answers that Plaintiff and Defendants may all be citizens of Texas, where Plaintiff points to a Texas principal place of business for the company that the defendants either work for or own. *See* Dkt. No. 10 at Question 3. But Plaintiff bears the burden of proving diversity jurisdiction and has failed to do so. *See Stephens v. Halliburton Co.*, No. 3:02-cv-1442-L, 2003 WL 22077752, at *4-*6 (N.D.

Tex. Sept. 5, 2003). Thus, federal diversity jurisdiction is lacking. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373-74 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of all plaintiffs must be different from the citizenship of all defendants).

## Recommendation

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's motion to compel arbitration [Dkt. No. 4] should be denied without prejudice.

A copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge shall be served on all parties in the manner provided by law. Any party who objects to any part of it must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE