IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1372-B-BN |
| | § | |
| UNKNOWN SALES | § | |
| REPRESENTATIVE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patrick Edward Brown, appearing *pro se*, has filed a motion to proceed *in forma pauperis* in this closed civil case in which he sought to enforce an arbitration agreement. *See* Dkt. No. 16. On July 12, 2013, Judge Boyle accepted the undersigned magistrate judge's Findings, Conclusions, and Recommendation, denied Plaintiff's motion to compel arbitration, and dismissed the lawsuit for lack of subject matter jurisdiction. *See* Dkt. Nos. 13 & 14.

Now, two months later, Plaintiff has filed a motion to proceed *in forma pauperis*. *See* Dkt. Nos. 16. The motion does not indicate any basis for further proceedings in federal district court or before the United States Court of Appeals for the Fifth Circuit. Nor does the motion suggest any reason to re-open this closed lawsuit.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Dkt. No. 16] should be denied without prejudice. Plaintiff should be instructed that, if he wishes to bring a new civil action in this Court, he must submit a pleading which includes a "short and

plain statement of the claim showing that [he] ... is entitled to relief." FED. R. CIV. P. 8(a)(2). At that time, he may seek *in forma pauperis* status.

## Recommendation

Plaintiff's motion to proceed *in forma pauperis* [Dkt. No. 16] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-2-